UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KIPP YOAK, and<br>all others similarly situated,<br><br>   Plaintiffs,<br><br> v.<br><br>THE ASSURANCE GROUP, INC.,<br>aka Edward L Shackelford, Inc.<br>(The Assurance Group Inc.)<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  **JURY DEMAND**<br>)  **ENDORSED HEREON** |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Kipp Yoak ("Plaintiff"), on behalf of himself and all others similarly situated, alleges as follows for his Complaint against The Assurance Group Inc. ("Defendant" or "TAG"):

1. Plaintiff and similarly situated employees worked for Defendant as a Regional Sales Director or District Sales Director.

2. Originally Defendant hired Plaintiff as a Regional Sales Director. Defendant later demoted Plaintiff to a District Sales Director. Plaintiff worked out of his home in Ravenna, Ohio and was designated as the Youngstown, Ohio Regional Sales Director until he was demoted to a District Sales Director and instructed to report to the Akron, Ohio TAG office.

3. Plaintiff and similarly situated employees were not paid on a salary basis.

4. Plaintiff and similarly situated employees' primary duty was not outside sales.

5. Defendant classified Plaintiff and similarly situated employees as exempt under the Fair Labor Standards Act.

6. Plaintiff and similarly situated employees, however, were in actuality non-exempt employees under the Fair Labor Standards Act.

7. Plaintiff and similarly situated employees regularly worked over 40 hours per week but were not paid any overtime wages.

8. Plaintiff and other TAG Regional Sales Directors and District Sales Directors are similarly situated because none are exempt from the Fair Labor Standards Act, they suffered the same violations under the Fair Labor Standards Act, and because they were subjected to the same illegal actions.

9. Plaintiff and similarly situated employees were paid less than minimum wage in certain workweeks that they worked for Defendant, either at the time payment was made to them or retroactively.

10. Defendant's revenues exceed $500,000 per annum.

11. Defendant is an enterprise engaging in interstate commerce.

12. Defendant suffered or permitted Plaintiff and similarly situated employees to work for Defendant.

13. Venue is proper in the Northern District of Ohio because (a) it is a judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claim occurred, or (b) defendant resides in the Northern District of Ohio because it is subject to the court's personal jurisdiction with respect to overtime claims in the Northern District of Ohio.

14. This Court has subject matter jurisdiction over the claims raised in this Complaint pursuant to the Fair Labor Standards Act, 29 U.S.C. Sections 201, *et seq*.

15. This Court has supplemental jurisdiction over Plaintiff and similarly situated employees' state-law claims pursuant to 28 U.S.C. § 1367(a).

16. This Court has personal jurisdiction over the parties to this action.

17. Plaintiff has hired the undersigned counsel and has agreed to pay reasonable attorney's fees and costs if they are successful on one or more of the claims set forth herein.

18. Individuals similarly situated to Plaintiff include all individuals who worked as a Regional Sales Director or District Sales Director for Defendant for any period of time during the last three years.

19. This Court should permit this collective action to proceed because other similarly situated individuals employed by Defendant have suffered the same wrongdoing by Defendant, and the factual and legal scenarios for Plaintiff and the opt-in plaintiffs are similar such that their claims should be heard in one action.

20. Permitting this action to proceed as a collective action promotes judicial efficiency.

21. Plaintiff consents to become a party plaintiff in this action and has attached his written consent hereto as Exhibit A.

## COUNT I
## UNPAID OVERTIME

22. Plaintiff and similarly situated employees re-allege each allegation set forth in paragraphs 1-21 above.

23. Defendant is required to comply with overtime requirements set forth in the Fair Labor Standards Act, 29 U.S.C. Sections 201, *et seq*.

24. Defendant has violated the Fair Labor Standards Act by not paying Plaintiff and similarly situated employees overtime wages for all hours worked over a regular 40-hour workweek.

25. Defendant's conduct with regard to not paying overtime wages to Plaintiff and similarly situated employees was willful.

26. Plaintiff and similarly situated employees have been damaged by Defendant's nonpayment of overtime wages.

27. Plaintiff and similarly situated employees are entitled to liquidated damages under the Fair Labor Standards Act.

28. Defendant is liable for the costs and reasonable attorney's fees of Plaintiff and similarly situated employees pursuant to the Fair Labor Standards Act.

## COUNT II
## UNPAID MINIMUM WAGE

29. Plaintiff and similarly situated employees re-allege each allegation set forth in paragraphs 1-28 above.

30. Defendant is required to comply with the minimum wage requirements set forth in the Fair Labor Standards Act, 29 U.S.C. Sections 201, *et seq,* the Ohio Constitution, and the Ohio Revised Code.

31. Defendant has violated the Fair Labor Standards Act, Section 34a, Article II of the Ohio Constitution, and Ohio Revised Code Section 4111.14 by not paying Plaintiff and similarly situated employees at least minimum wages for all hours worked.

32. Defendant's conduct with regard to not paying minimum wage to Plaintiff and similarly situated employees was willful.

33. Plaintiff and similarly situated employees have been damaged by Defendant's nonpayment of minimum wages.

34. Plaintiff and similarly situated employees are entitled to liquidated damages under the Fair Labor Standards Act or Ohio Revised Code Section 4111.14(J).

35. Defendant is liable for the costs and reasonable attorney's fees of Plaintiff and similarly situated employees pursuant to the Fair Labor Standards Act and Section 34a of Article II of the Ohio Constitution.

WHEREFORE, Plaintiff and similarly situated employees demand judgment against Defendant for their unpaid minimum and overtime wages, liquidated damages, any other compensatory damages, prejudgment interest at the statutory rate, post-judgment interest, attorney's fees and costs, and all other relief to which they are entitled.

JURY TRIAL DEMANDED.

Respectfully submitted,

/s/ Christopher M. Sams
Stephan I. Voudris, Esq.
Supreme Court No. 0055795
Christopher M. Sams, Esq.
Supreme Court No. 0093713
Voudris Law LLC
8401 Chagrin Road, Suite 8
Chagrin Falls, OH 44023
svoudris@voudrislaw.com
csams@voudrislaw.com
440-543-0670
440-543-0721 (fax)
Counsel for Plaintiff