IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KIPP YOAK, | ) | CASE NO.  5:17cv1094 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | |
| THE ASSURANCE GROUP, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

## **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

THE ASSURANCE GROUP, INC. ("**Defendant**" or "**TAG**") respectfully submits this memorandum in support of its motion to dismiss (the "**Motion**").  For the reasons set forth herein, and in argument to the Court, the Plaintiff's Complaint should properly be dismissed.

As alleged in the Complaint, this case arises out of the Plaintiff's previous employment as a Regional Sales Director of TAG. (See Doc. No. 1 at ¶¶1–2). The terms and conditions of the Plaintiff's employment with TAG were memorialized in certain written employment agreements dated March 28, 2016 and July 11, 2016, each of which were signed by both the Plaintiff and

TAG (collectively, the "**Agreement**").[1] Among other terms, the Agreement between Plaintiff and TAG expressly provides that "**[t]he parties hereby irrevocably consent to the Superior Court of Guilford County, North Carolina as the <u>sole and exclusive forum</u> for the resolution of <u>any dispute arising hereunder</u> or under any of the documents or agreements executed in connection herewith.**" (Exh. A at p. 7, ¶19) (emphasis added).

The Complaint purports to assert two causes of action against TAG for violations of the overtime and minimum wage requirements set forth in the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. (the "FLSA"). As a predicate to his two causes of action, Plaintiff has alleged that although TAG classified his position as exempt under the FLSA, his position was in fact not exempt from FLSA overtime and minimum wage requirements because his primary duty was not outside sales. (See Doc. 1 at ¶¶4–6). As discussed herein, however, the plain language of the Agreement signed by the Plaintiff, clearly states that:

> **Employee understands and agrees that the Employee's primary duty shall be to personally make sales of Insurance Products and Services on behalf of the Employer, away from the Employer's place of business. Employee further understands and agrees that, as his or her primary duty shall be to make sales of Insurance Products and Services, he or she shall be required to regularly, personally travel to the locations of prospective customers for the purposes of selling such Insurance Products and Services.**

(Exh. A, ¶2) (emphasis added). The Agreement further sets forth a list of the Plaintiff's "subordinate duties" for which the Plaintiff was responsible "**in addition to [his] primary duty of personally selling Insurance Products and Services away from the Employer's place of business[.]**" (Exh. A at p. 2, ¶¶2(a)–2(l)) (emphasis added). Whether the Plaintiff's former position with TAG was in fact exempt under the FLSA is therefore a dispute arising under the

---

[1] Attached hereto as **Exhibit A**, and incorporated herein by reference is a certain "Affidavit of The Assurance Group, Inc." Attached to the same as Exhibits 1 and 2 are true and accurate copies of the March 28, 2016 and July 11, 2016 "Regional Sales Director Employment Agreements" entered into between TAG and the Plaintiff. In all material respects, as they relate to the instant Motion, both agreements contain identical terms.

Agreement, and pursuant to forum-selection clause set forth above that dispute may only be adjudicated in the Superior Court of Guilford County, North Carolina.

As this Court has previously explained, "[t]he Sixth Circuit has implicitly endorsed Rule 12(b)(6) as a proper vehicle upon which to dismiss a case where a defendant seeks to enforce a forum selection clause." C. Thorrez Indus. v. LuK Transmissions Sys., LLC, No. 5:09-cv-01986, 2010 U.S. Dist. LEXIS 34724, at *6 (N.D. Ohio Apr. 8, 2010) (citing Langley v. Prudential Mortg. Capital Co., LLC, 546 F.3d 365, 369 (6th Cir. 2008)).  Accordingly, based on the mandatory forum-selection clause contained in the Agreement between the Plaintiff and TAG, the Complaint should be dismissed pursuant to Rule 12(b)(6).

Alternately, and as a second ground for dismissal based on the Agreement's mandatory forum-selection clause, the Complaint should be dismissed under the common law doctrine of *forum non conveniens*. See Atl. Marine Constr. Co. v. United States Dist. Court, 134 S. Ct. 568, 580 (2013) (finding that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*").

Finally, and as an independent ground for dismissal entirely separate and apart from the Agreement's mandatory forum-selection clause, the Complaint should be dismissed under Rule 12(b)(6) for failing to state a claim upon which relief can be granted under the pleading standards set forth in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). On its face, the Complaint contains only 35 paragraphs, set forth in little more than four double-spaced pages, of precisely the type of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that "do not suffice" to give rise to a plausible claim for relief. Iqbal, 556 U.S. at 678 (citing Twombley, 550 U.S. at 555).

## BACKGROUND

The Plaintiff was employed by TAG for a total period of less than six months in 2016. (See Doc. No. 7-2, ¶2). In this case, the Plaintiff seeks to pursue separate causes of action against TAG for alleged violations of overtime and minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* (the "**FLSA**") during this period. (Doc. No. 1, ¶¶22–35). The sum total of facts alleged in the Complaint to support these two claims are as follows:

- Plaintiff worked for TAG as a Regional Sales Director, and later (following a demotion by TAG), as a District Sales Director. (Doc. No. 1, ¶¶1–2).

- While designated as TAG's Youngstown, Ohio Regional Sales Director, Plaintiff worked out of his home in Ravenna, Ohio; later, as a District Sales Manager, Plaintiff worked out of a TAG office in Akron, Ohio. (Doc. No. 1, ¶2).

- Although TAG classified Plaintiff's positions as exempt under the FLSA, these positions were in fact not exempt under the FLSA because Plaintiff's primary duty was not outside sales. (Doc. 1, ¶¶4–6).

- Plaintiff "regularly worked over 40 hours per week" but was not paid any overtime wages. (Doc. 1, ¶7).

- Plaintiff was paid less than minimum wage "in certain workweeks" while employed by TAG, "either at the time payment was made to [him] or retroactively." (Doc. 1, ¶9).

- Because TAG "is required to comply with overtime requirements set forth in the [FLSA]," TAG "violated the [FLSA]" by failing to pay Plaintiff "overtime wages for all hours worked over a regular 40-hour workweek." (Doc. 1, ¶¶23–24).

- Similarly, because TAG "is required to comply with minimum wage requirements set forth in the [FLSA]," TAG "violated the [FLSA]" by failing to pay Plaintiff "at least minimum wages for all hours worked." (Doc. 1, ¶¶30–31).

Conveniently (albeit conspicuously) absent from the Complaint is any reference to the written "Regional Sales Director Employment Agreements" that were executed by the Plaintiff and TAG at the outset of Plaintiff's employment on March 28, 2016, and again on July 11, 2016. (Ex. A, Ex. 1 & 2).  The expressed purpose of the Agreement was to fully "set forth the terms" of Plaintiff's employment by TAG "as a Regional Sales Director, with the primary responsibility of personally making sales of Insurance Products and services[.]" (Exh. A at p. 1). The express terms of the Agreement emphasize again that:

> **Employee understands and agrees that the Employee's primary duty shall be to personally make sales of Insurance Products and Services on behalf of the Employer, away from the Employer's place of business. Employee further understands and agrees that, as his or her primary duty shall be to make sales of Insurance Products and Services, he or she shall be required to regularly, personally travel to the locations of prospective customers for the purposes of selling such Insurance Products and Services.**

(Exh. A at p. 1, ¶2). In the following section, the Agreement sets forth a list of the "subordinate duties" for which the Plaintiff was responsible "in addition to [his] primary duty of personally selling Insurance Products and Services away from the Employer's place of business[.]" (Exh. A at p. 2, ¶2).

Among other terms, the Agreement between Plaintiff and TAG provides that it is governed by North Carolina law, without regard to its conflict of law provisions, and expressly states that "[t]he parties hereby irrevocably consent to the Superior Court of Guilford County, North Carolina as the sole and exclusive forum for the resolution of any dispute arising

5

hereunder or under any of the documents or agreements executed in connection herewith." (Exh. A at p. 7, ¶19).

## ARGUMENT

## I.  THE COMPLAINT IS SUBJECT TO DISMISSAL UNDER RULE 12(B)(6) AND THE DOCTRINE OF *FORUM NON CONVENIENS* BASED ON THE AGREEMENT'S MANDATORY FORUM-SELECTION CLAUSE.

Any evaluation of the Plaintiff's FLSA claims against TAG will require a court to determine whether the Plaintiff was or was not an exempt employee of TAG under the FLSA. Plaintiff asserts that he was not exempt under the FLSA because his primary responsibility as an employee of TAG was not outside sales – an assertion directly contradicted by the stated terms of the Agreement. Accordingly, the Plaintiff's claims against TAG are "a dispute arising []under" the Agreement. Pursuant to the mandatory forum-selection clause, that dispute can only be adjudicated by the Superior Court of Guilford County, North Carolina. Because this Court cannot transfer this case to that forum, enforcement of the forum-selection clause requires that the Plaintiff's action in this Court be dismissed.

### A.    Standard of Review

"The Sixth Circuit has implicitly endorsed Rule 12(b)(6) as a proper vehicle upon which to dismiss a case where a defendant seeks to enforce a forum selection clause." C. Thorrez Indus. v. LuK Transmissions Sys., LLC, No. 5:09-cv-01986, 2010 U.S. Dist. LEXIS 34724, at *6 (N.D. Ohio Apr. 8, 2010) (citing Langley v. Prudential Mortg. Capital Co., LLC, 546 F.3d 365, 369 (6th Cir. 2008)). "In determining whether to dismiss this action pursuant to Fed. R. Civ. P. 12(b), the Court need only determine (1) whether there is a valid and enforceable forum selection clause governing the location of the court adjudicating the dispute and (2) whether the clause is

applicable to the matter at hand." Kloepper v. Equity Tr. Co., No. 1:11CV2527, 2012 U.S. Dist. LEXIS 76960, at *3 (N.D. Ohio June 1, 2012) (citation omitted).

The United States Supreme Court has recognized that "[t]he enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." Atl. Marine Constr. Co. v. United States Dist. Court, 134 S. Ct. 568, 581 (2013) (citation omitted); see also, e.g., Preferred Capital Inc. v. Associates in Urology, 453 F.3d 718, 721 (6th Cir. 2006) ("[T]he use of a forum selection clause is one way in which contracting parties may agree in advance to submit to the jurisdiction of a particular court."). Accordingly, "a valid forum-selection clause should be given controlling weight in all but the most exceptional cases." Atl. Marine Constr. Co., 134 S. Ct. at 581 (citation omitted).

**B.      The forum-selection clause in the Agreement is mandatory.**

"Under federal law, the threshold question in interpreting a forum selection clause is whether the clause at issue is permissive or mandatory." C. Thorrez Indus., 2010 U.S. Dist. LEXIS 34724, at *7 (citation omitted). "Whether a forum selection clause is mandatory depends on its language, and generally courts will not enforce a clause that specifies only jurisdiction in a designated court without any language indicating that the specified jurisdiction is exclusive." Id. (citation omitted). "The language of the forum selection clause determines its scope." Id. at *7– *8 (citation omitted). "'[M]andatory forum selection clauses contain clear language indicating that jurisdiction and venue are appropriate exclusively in the designated forum.'" Id. at 8 (quoting 14D CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3803.1 (3d ed. 1998)) (alteration in original).

In this case, the Agreement between the parties was expressly intended to encompass the full scope, terms, and conditions of Plaintiff's employment with TAG. (See Exh. A at p. 1). To

that end, the Agreement contains a merger clause providing that it "constitutes the entire agreement between [TAG] and [Plaintiff] and supersedes all prior and contemporaneous agreements, contracts, statements, promises and understandings, whether written or oral." (Exh. A at p. 7, ¶17). The Agreement's forum-selection clause clearly specifies that the Superior Court of Guilford County, North Carolina is "the sole and exclusive forum for the resolution of any dispute arising hereunder" – namely, any action arising under the employment contract. (Id. at p. 7, ¶19). This language is unequivocally mandatory, as it expressly provides that jurisdiction and venue are appropriate exclusively in that forum. See C. Thorrez Indus., 2010 U.S. Dist. LEXIS 34724, at *8 (citation omitted).

**C.     The forum-selection clause in the Agreement applies to both claims asserted in the Complaint.**

Because the Plaintiff's FLSA claims represent a dispute arising under the Agreement encompassing the full scope of Plaintiff's employment with TAG, this action must be adjudicated by the forum specified in the mandatory forum-selection clause. "The scope of a forum selection clause is a matter of contractual interpretation, and whether a claim is to be governed by forum selection provisions depends upon the intention of the parties reflected in the wording of particular clauses and the facts of each case." C. Thorrez Indus., 2010 U.S. Dist. LEXIS 34724, at *14.

Here, both of the Plaintiff's legal claims are predicated on the allegation that Plaintiff's primary duty while employed by TAG was not outside sales, thereby rendering Plaintiff a non-exempt employee under the FLSA. Whether or not Plaintiff's employment was covered by this exemption from the FLSA, however, is an issue directly addressed by the terms of the Agreement. The terms of employment to which the Plaintiff consented specify that his "primary duty" as a Regional Sales Director of TAG "shall be to personally make sales of Insurance

8

Products and Services on behalf of the Employer, away from the Employer's place of business."
(Exh. A at p. 1, ¶2).  The Plaintiff's compensation under the Agreement was predicated solely
upon his success - or lack thereof - in procuring sales of insurance products and services
provided by TAG.  (Exh. A at p. 2, ¶4).  To be clear, the Agreement specifically provides that
this was not the Plaintiff's <u>only</u> job duty. The Plaintiff's additional responsibilities were
separately set forth in detail, prefaced by an express acknowledgement that such "subordinate
duties" were expected of the Plaintiff "in addition to [his] primary duty of personally selling
Insurance Products and Services away from the Employer's place of business[.]" (Exh. A at p. 2,
¶2).

Plaintiff's contention that his positions with TAG were in fact non-exempt pursuant to
the FLSA is "a dispute arising []under" the Agreement between the parties because any
evaluation of the Plaintiff's FLSA claims will require a court to determine whether and to what
extent the parties performed under the specific terms of that employment contract. The
Agreement requires that determination to be made by the Superior Court of Guilford County,
North Carolina. The forum-selection clause therefore applies to both of the Plaintiff's FLSA
claims against TAG.

**D.    The forum-selection clause in the Agreement is enforceable.**

"In evaluating the enforceability of a forum selection clause, the Sixth Circuit has
instructed the Court to look to the following three factors:

> (1) whether the clause was obtained by fraud, duress, or other unconscionable
> means; (2) whether the designated forum would ineffectively or unfairly handle
> the suit; and (3) whether the designated forum would be so seriously inconvenient
> such that requiring the plaintiff to bring suit there would be unjust.

<u>Kloepper</u>, 2012 U.S. Dist. LEXIS 76960, at *3 (quoting <u>Wong v. PartyGaming, Ltd.</u>, 589 F.3d
821, 828 (6th Cir. 2009)). "Notably, the party opposing the forum selection clause bears the

burden of showing that the clause should not be enforced." Id. at *3–*4 (citation omitted); see also, e.g., C. Thorrez Indus., 2010 U.S. Dist. LEXIS 34724, at *21 ("Plaintiffs carry a heavy burden of showing that enforcing a forum selection clause would be unjust or unreasonable.").

The Plaintiff here has made no showing that this action is one of those "most exceptional cases" in which in which the Supreme Court has allowed that a mandatory forum-selection clause should not "be given controlling weight." See Atl. Marine Constr. Co., 134 S. Ct. at 581 (citation omitted). There is no reason why the Superior Court of Guilford County could not fairly and effectively adjudicate the Plaintiff's action, a fact Congress recognized in providing for concurrent jurisdiction between state and federal courts for claims arising under the FLSA. See 29 U.S.C. § 216(b).  Nor can the Plaintiff seriously argue that adjudication in the North Carolina state court would be "so seriously inconvenient" that it would be "unjust" to compel him to bring this action there, having already expressly consented to "sole and exclusive" jurisdiction of that forum over any dispute with TAG under the Agreement.

There is no suggestion that the Plaintiff's consent to the terms of the Agreement, signed at the outset of his employment with TAG in March, 2026 - and confirmed once again in July, 2016 - was secured through any unconscionable act. However, to the extent Plaintiff may now try to raise an allegation of fraud in his execution of the Agreement, then in order to avoid its mandatory effect the Plaintiff "must show that he was defrauded specifically with regard to the forum selection clause." Kloepper, 2012 U.S. Dist. LEXIS 76960, at *5. "The Sixth Circuit has stated that when a contract contains a forum selection clause, a distinction must be made between fraud in the inducement of the agreement [as to the forum selection clause] and allegations of fraud concerning the contract as a whole.' Id. (quotation omitted) (alteration in original).

In short, having previously consented to the exclusive jurisdiction of the Guilford County courts, there is no reason why the Plaintiff should not now be held to that election.  TAG has its home offices, all of its business records, its controlling officers and relevant witnesses located in and around Guilford County, North Carolina.  As such, there is a significant interest of TAG that is protected and embodied of the subject forum selection clause in the Agreement.  Under these facts, enforcing the bargained-for terms of the Agreement, including its mandatory forum-selection clause, "protects the[] legitimate expectations" of the parties to this action "and furthers vital interests of the justice system." See Atl. Marine Constr. Co., 134 S. Ct. at 581 (2013) (citation omitted). Because the Plaintiff cannot meet his "heavy burden of showing that enforcing [the] forum selection clause would be unjust or unreasonable[,]" TAG's motion should be granted and the Complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(6). See C. Thorrez Indus., 2010 U.S. Dist. LEXIS 34724, at *21.

**E.  Based on the forum-selection clause, the Complaint should also be dismissed under the doctrine of *forum non conveniens*.**

While Sixth Circuit precedent holds that a Rule 12(b)(6) motion is a proper avenue for enforcement of a mandatory forum-selection clause, see C. Thorrez Indus., 2010 U.S. Dist. LEXIS 34724, at *6 (citation omitted), the United States Supreme Court has also recently clarified that another "appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." Atl. Marine Constr. Co., 134 S. Ct. at 580.[2] In holding that a forum-selection clause cannot be enforced through a motion to

---

[2] Because the parties did not brief the issue, the Atlantic Marine court specifically declined to rule on the argument presented by an amicus that dismissal under Rule 12(b)(6) is appropriate where a "plaintiff files suit in a district other than the one specified in a valid forum-selection clause." Id. at 580. The Court reasoned that "[e]ven if a defendant could use Rule 12(b)(6) to enforce a forum-selection clause, that would not change our conclusions that. . . §1404(a) and the *forum non conveniens* doctrine provide appropriate enforcement mechanisms." Id. In a footnote, the Court further recognized that because "a motion under Rule 12(b)(6), unlike a motion under §1404(a) or the *forum non conveniens doctrine*, may lead to a jury trial on venue if issues of material fact relating to the validity of

dismiss for improper venue under Rule 12(b)(3), the Court explained, that "[28 U.S.C. §1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer." Id. (citations omitted). "For the remaining set of cases calling for a nonfederal forum, §1404(a) has no application, but the residual doctrine of *forum non conveniens* 'has continuing application in federal courts.'" Id. (quoting Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430 (2007)). "And because both §1404(a) and the *forum non conveniens* doctrine from which it derives entail the same balancing-of-interests standard, courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum." Id. (citation omitted).

That evaluation is particularly streamlined in cases involving a forum-selection clause. As the Court explained, "[i]n the typical case not involving a forum-selection clause, a district court considering a §1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations." Id. at 581. "The presence of a valid forum-selection clause," however, "requires district courts to adjust their usual [*forum non conveniens*] analysis." Id.

"First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." Id. "Second, a court evaluating a defendant's [motion to dismiss for *forum non conveniens*] based on a forum-selection clause should not consider arguments about the parties' private interests." Id. at 582. This is because "[w]hen

---

the forum-selection clause arise[,]" a defendant seeking to enforce such a clause "would have sensible reasons to invoke §1404(a) or the *forum non conveniens* doctrine in addition to Rule 12(b)(6)." Id. at 580 n.4.

parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." Id. Accordingly, a district court "must deem the private-interest factors to weigh entirely in favor of the preselected forum." Id. "As a consequence, a district court may consider arguments about public-interest factors only." Id. Because such public-interest factors will "rarely defeat" a motion to dismiss under the *forum non conveniens* doctrine, "the practical result is that forum-selection clauses should control except in unusual cases." Id. "Although it is 'conceivable in a particular case' that the district court 'would refuse to [dismiss] a case notwithstanding the counterweight of a forum-selection clause,' such cases will not be common." Id. (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 30-31 (1988)).

For the same reasons set forth above in relation to TAG's motion to dismiss under Rule 12(b)(6), this is not one of the rare "unusual cases" in which the forum-selection clause agreed to by the parties should not control. See id. at 582. There are no unusual or unique public-interest factors present in this action that would overcome application of the *forum non conveniens* doctrine. See id. Accordingly, in addition to dismissal under Rule 12(b)(6), the Plaintiff's Complaint should also be dismissed on *forum non conveniens* grounds based on the forum-selection clause.

## II.    EVEN IF THE FORUM-SELECTION CLAUSE DOES NOT REQUIRE DISMISSAL, THE COMPLAINT FAILS TO STATES A PLAUISBLE CLAIM FOR RELIEF UNDER THE FLSA.

As set forth above, the Complaint should properly be dismissed under Rule 12(b)(6) and the doctrine of *forum non conveniens* based on the mandatory forum-selection clause alone. Separate and apart from the forum-selection clause, however, the Complaint is also subject to dismissal under a more typical application of Rule 12(b)(6), because the Plaintiff's conclusory

assertions that the recited elements of alleged overtime and minimum wage violations have been met fail to state a claim for relief under the FLSA that is plausible on its face.

### A.    Standard of Review

It has long been the case that in deciding a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), this Court must construe the complaint in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007). However, the factual allegations contained in a complaint must "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). As the Supreme Court subsequently explained:

> "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' As the Court held in [Bell Atlantic v.] Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L. Ed. 2d 929 [(2007)], the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. Id. at 555. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Id. at 555. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' Id. at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' Id. at 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. Id. at 556. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant has acted unlawfully. Id. Where a complaint pleads facts that are 'merely consistent with' a Defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. at 557.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). According to the Sixth Circuit, the plausibility standard requires the pleader "to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Weisbarth v. Geauga Park Dist., 499 F.3d 538, 541 (6th Cir. 2007).

14

Moreover, under this standard "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombley, 550 U.S. at 555). While "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era," the notice pleading standard "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678–79. Thus, following an appropriate analysis under these principles:

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

**B.     This Court should properly consider the Agreement alongside the Complaint in determining whether the latter gives rise to a plausible claim for relief.**

When presented with a Rule 12(b)(6) motion, a court may consider an exhibit attached to defendant's motion to dismiss when the substantive rights referenced in the complaint and central to the claims contained therein are controlled by the provisions of the attached exhibit. See Weiner v. Klais & Co., 108 F.3d 86, 89 (6th Cir. 1997) ("Although plaintiff maintains that the complaint referred only to the 'plan' as an entity and not to the 'plan documents,' his claims are based on rights under the plans which are controlled by the plans' provisions as described in the plan documents. Thus, we will consider the plan documents along with the complaint, because they were incorporated through reference to the plaintiff's rights under the plans, and they are central to plaintiff's claims."). As the Sixth Circuit has reasoned, the Plaintiff's

convenient omission of explicit reference to the Agreement in the Complaint here should not, and does not, allow him to survive dismissal. See id. (explaining that "a defendant may introduce certain pertinent documents if the plaintiff fails to do so" because "[o]therwise a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document upon which it relied").

Here, Plaintiff's employment claims are based on alleged rights under the FLSA, and the threshold determination of whether or not the Plaintiff's former position was subject to the FLSA is controlled by the contractual terms of the Agreement attached as Exhibit A to TAG's motion to dismiss. Those terms specify that specify that the Plaintiff's "primary duty" as a Regional Sales Director for TAG was "to personally make sales of Insurance Products and Services on behalf of [TAG], away from [TAG]'s place of business" are the basis for TAG's classification of Plaintiff's former position as exempt under the FLSA. (See Motion, Exh. A at p. 1, ¶2). Because Plaintiff's claims are based on alleged employment rights that are controlled by the provisions of his employment Agreement, this Court should properly consider that Agreement along with the Complaint in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim.

**C.    The Complaint entirely fails to state a plausible claim for relief under the FLSA.**

Here, because the critical allegations of the Complaint related to Plaintiff's FLSA claims are entirely of a conclusory nature, those allegations are "not entitled to the assumption of truth" under the standard set forth in Iqbal and Twombley. See Iqbal, 556 U.S. at 679. The Complaint alleges, without further description or factual support, that Plaintiff's former positions at TAG were non-exempt under the FLSA because Plaintiff's primary duty was not outside sales. (Doc. 1, ¶¶4–6). It further alleges only that the Plaintiff "regularly worked over 40 hours per week" but was not paid any overtime wages, and was paid less than minimum wage "in certain workweeks"

16

while employed by TAG, "either at the time payment was made to [him] or retroactively." (Doc. 1, ¶¶7, 9). From these bare allegations alone, the Complaint concludes that TAG was "required to comply with overtime requirements set forth in the [FLSA]," but "violated the [FLSA]" by failing to pay Plaintiff "overtime wages for all hours worked over a regular 40-hour workweek[,]" and that TAG was "required to comply with minimum wage requirements set forth in the [FLSA]," but "violated the [FLSA]" by failing to pay Plaintiff "at least minimum wages for all hours worked." (Doc. 1, ¶¶23–24, 30–31).

The 35 total paragraphs of the Complaint thus contain nothing further than the "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that "do not suffice" to give rise to a plausible claim for relief under FED. R. CIV. P. 8. See Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). While these conclusions may "provide the framework" of Plaintiff's FLSA claims, without further factual allegations plead in support this Court cannot "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." See id. at 679. Thus, even without consideration of the Agreement attached to TAG's motion to dismiss, the Plaintiff's allegations fail to state a plausible claim for relief. Proper consideration of the terms of the Agreement executed by the Plaintiff, which flatly contradict the Plaintiff's allegations here, merely further removes the Complaint from the baseline plausibility standard. To render the Plaintiff's claims plausible, additional facts were required to be plead by the Plaintiff.  None were.

In this context, at least some supporting factual allegations are "needed to render the claim[s] plausible." See Weisbarth, 499 F.3d at 541. Because the Complaint fails to allege any factual support for the bare conclusions that frame Plaintiff's claims, however, it fails to state a

17

plausible claim for relief under the FLSA. Accordingly, even without consideration of the operative effect of the Agreement's forum-selection clause, the Complaint should be dismissed.

## **CONCLUSION**

For each of these reasons, this Court should dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and the common law doctrine of *forum non conveniens*.


July 11, 2017                                  Respectfully submitted,


                                               /s/ Christopher C. Finan
                                               Christopher C. Finan, N.C.S.B. #27820
                                               ROBERSON HAWORTH & REESE, P.L.L.C.
                                               300 North Main Street, Suite 300
                                               P.O. Box 1550
                                               High Point, NC  27261
                                               Telephone:  (336) 889-8733
                                               Facsimile:  (336) 885-1280
                                               cfinan@rhrlaw.com

                                               appearing *pro hac vice* with


                                               Karl R. Ulrich (0055852)
                                               Sebaly Shillito + Dyer
                                               A Legal Professional Association
                                               1900 Kettering Tower
                                               40 N. Main Street
                                               Dayton, Ohio 45423
                                               Telephone: (937) 222-2500
                                               Facsimile: (937)223-6554
                                               kulrich@ssdlaw.com

                                               *Attorneys for Defendant*

18

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KIPP YOAK, | ) | CASE NO.  5:17cv1094 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | |
| THE ASSURANCE GROUP, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that the undersigned has this date served the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** in the above-entitled action upon all other parties to this cause by electronic means, by hand delivery, by facsimile and/or by depositing a copy thereof in a postpaid wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service, properly addressed to said parties, or the attorney or attorneys for said parties, as the case may.

Christopher M. Sams
Via CM/ECF:  csams@voudrislaw.com
Voudris Law LLC
8401 Chagrin Road, Suite 8
Chagrin Falls, OH  44023
*Attorneys for Plaintiff*

July 11, 2017                                  Respectfully submitted,


/s/ Christopher C. Finan
Christopher C. Finan, N.C.S.B. #27820
ROBERSON HAWORTH & REESE, P.L.L.C.
300 North Main Street, Suite 300
P.O. Box 1550
High Point, NC  27261
Telephone:  (336) 889-8733
Facsimile:  (336) 885-1280
cfinan@rhrlaw.com

appearing *pro hac vice* with

Karl R. Ulrich (0055852)
Sebaly Shillito + Dyer
A Legal Professional Association
1900 Kettering Tower
40 N. Main Street
Dayton, Ohio 45423
Telephone: (937) 222-2500
Facsimile: (937)223-6554
kulrich@ssdlaw.com

*Attorneys for Defendant*