UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KIPP YOAK, | ) | CASE NO. 5:17-cv-1094 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | |
| THE ASSURANCE GROUP, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion to dismiss filed by defendant The Assurance Group, Inc. ("defendant" or "TAG"). (Doc. No. 9/10 ["Mot."].) Plaintiff Kipp Yoak ("plaintiff" or "Yoak") filed a brief in opposition (Doc. No. 14 ["Opp'n"]) and defendant filed a reply (Doc. No. 18 ["Reply"]). For the reasons set forth herein, the motion is granted.

## I. BACKGROUND

Plaintiff filed his collective action complaint[1] on May 24, 2017. (Doc. No. 1 ["Compl."].) He alleged that he initially worked for defendant as a Regional Sales Director, but was later demoted to District Sales Director. (Compl. ¶¶ 1, 2.) He alleged that he was not paid on a salary basis, that his primary duty was not outside sales, and that, although classified by defendant as "exempt," he was in actuality "non-exempt" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). (*Id.* ¶¶ 3-6.) He further alleged that he regularly worked over 40 hours per week without being paid overtime wages, and that, during certain work weeks, he was paid less than minimum wage. (*Id.* ¶¶ 7, 9.) The complaint sets forth one count for unpaid

---

[1] Plaintiff also filed a motion for conditional certification (Doc. No. 7), which has been fully briefed. Given this ruling on the motion to dismiss, the motion to certify need not be addressed.

overtime under the FLSA and one count for unpaid minimum wage under the FLSA, Art. II of the Ohio Constitution, and Ohio Rev. Code § 4111.14.

TAG filed its motion to dismiss, asserting that the case must be dismissed because of a controlling forum selection clause[2] in the written employment agreement between Yoak and TAG, which selects "the Superior Court of Guilford County, North Carolina as the sole and exclusive forum for the resolution of any dispute arising hereunder or under any of the documents or agreements executed in connection herewith." (Doc. No. 11 ["Mot. Ex. A"] at 96,[3] ¶ 19.) TAG argues that both of plaintiff's claims are predicated on his allegation that his primary duty while employed by TAG was not outside sales, thereby rendering him a non-exempt employee. Plaintiff's duties as TAG's employee were spelled out in the employment contract between them. Therefore, TAG asserts that whether plaintiff's former employment was exempt or non-exempt is a "dispute arising []under" the employment contract because it requires construction of that contract and, in particular, paragraph 2 of the employment agreement, which sets forth the duties of the employee under the agreement. (*See* Mot. Ex. A at 90, ¶ 2.)

In opposition, plaintiff asserts that the forum selection clause is inapplicable to the current dispute because he never agreed that overtime and/or minimum wage claims would be subject to a North Carolina state court forum. (Opp'n at 120.) He claims that, on its face, the clause applies "only to a very limited sets [sic] of disputes." (*Id.*) He argues that his claims arise under federal and state law, not under the employment agreement. (*Id.* at 121.)

---

[2] Defendant also asserts that, should the forum selection clause not apply, the case should be dismissed for two additional reasons: under the common law doctrine of *forum non conveniens* and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Because the Court finds the forum selection clause controlling, these other arguments will not be addressed.

[3] All page number references are to the page identification number generated by the Court's electronic docketing system.

In reply, defendant argues that plaintiff's attempt to narrow the scope of the forum selection clause is unavailing. Plaintiff asserts that he was not exempt under the FLSA because his primary responsibility as a TAG employee was allegedly "not outside sales[,]" (Compl. ¶ 4), which defendant claims is "specifically contradicted" by ¶ 2 of the employment agreement. (Reply at 143.) This dispute, according to defendant, "plainly constitutes 'a dispute arising []under'" the employment agreement, and will require interpretation of the agreement. (*Id.*)

## II. DISCUSSION

**A.      Applicable Law and Standard of Review**

"The Sixth Circuit has implicitly endorsed Rule 12(b)(6) as a proper vehicle upon which to dismiss a case where a defendant seeks to enforce a forum selection clause." *C. Thorrez Indus., Inc. v. LuK Transmissions Sys., LLC*, No. 5:09-cv-01986, 2010 WL 1434326, at *3 (N.D. Ohio April 8, 2010) (citing *Langley v. Prudential Mortg. Capital Co., LLC*, 546 F.3d 365, 369 (6th Cir. 2008)). "The use of a forum selection clause is one way in which contracting parties may agree in advance to submit to the jurisdiction of a particular court." *Preferred Capital, Inc. v. Assoc. in Urology*, 453 F.3d 718, 721 (6th Cir. 2006) (citation omitted). Forum selection clauses "should control absent a strong showing that [they] should be set aside." *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 591, 111 S. Ct. 1522, 113 L. Ed. 2d 622 (1991) (citation omitted).

Resolution of defendant's motion to dismiss, therefore, "hinges upon (1) whether there is a valid and enforceable forum selection clause governing the location of the court adjudicating the dispute and (2) whether the clause is applicable to the matter at hand." *Villanueva v. Barcroft*, 822 F. Supp. 2d 726, 733 (N.D. Ohio 2011).

**B.** **Analysis**

Defendant argues that the forum selection clause in the parties' employment agreement is valid, enforceable, and mandatory. The Sixth Circuit has instructed courts to look to three factors when evaluating the enforceability of a forum selection clause:

> (1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust.

*Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009) (citation omitted). "The party opposing the forum selection clause bears the burden of showing that the clause should not be enforced." *Id.* (citation omitted). Plaintiff does not dispute the validity and/or enforceability of the forum selection clause and this Court sees no reason to do so. *See Preferred Capital, Inc.*, 453 F.3d at 721 ("[s]uch clauses are *prima facie* valid in the commercial context, so long as the clause has been freely bargained for.").

Plaintiff's sole argument is that the forum selection clause is not applicable.[4] He first asserts that the forum selection clause is too broadly drafted because it does not specify that it "applies to *all* disputes between the parties." (Opp'n at 121, emphasis in original.) In support of this assertion, plaintiff cites *Filtrexx Intern. LLC v. Truelsen*, No. 5:12CV58, 2013 WL 587582 (N.D. Ohio Feb. 13, 2013), as well as a case from another jurisdiction that is not controlling law in this district.[5]

---

[4] Notably, although alleging in the complaint that his primary duty as a Regional Sales Director was not outside sales, plaintiff failed to make reference to even the existence of the employment agreement, which seems to contradict his allegation regarding the nature of his duties. This appears to be an attempt to purposely evade dismissal because of the forum selection clause.

[5] This case, however, also offers no assistance to plaintiff. In *Fuller v. Goldstar Estate Buyers Corp.*, No. 10-CV-5839, 2011 WL 809429 (N.D. Ill. March 1, 2011), the court concluded that a forum selection clause in an independent contractor agreement between the parties was inapplicable to the FLSA claims raised by the plaintiff because plaintiff was not attempting to enforce any terms of the agreement and because the agreement did not use broad language encompassing "all claims" under the agreement. In the instant case, the forum selection clause states that it covers "any dispute" arising under the agreement. That is the grammatical equivalent of "all claims."

*Filtrexx* is completely distinguishable as it involved, in part, a challenge by defendants to the exercise of personal jurisdiction over them. When plaintiff Filtrexx pointed to language in two agreements between the parties that it claimed amounted to consent by defendants to personal jurisdiction over them in this district, this Court rejected that argument, pointing out that, under the language of the agreements, the defendants consented to personal jurisdiction over them in this district only for actions that they themselves might commence, not generally for any and all actions that either party might commence. The forum selection clause here bears little or no resemblance to the clause in *Filtrexx*.

Plaintiff next argues that courts generally reject application of forum selection clauses to FLSA claims. Although citing two cases from other jurisdictions that do not control in this district and need not be addressed, plaintiff also cites *Crouch v. Guardian Angel Nursing, Inc.*, No. 3:07-CV-00541, 2009 WL 3738095 (M.D. Tenn. Nov. 4, 1999), another district court within this circuit. If *Crouch* were controlling, it would be distinguishable because the court in that case concluded that "resolution of [p]laintiffs' [FLSA overtime] claims does not require interpretation of the contract." *Id.* at *3. Here, plaintiff's complaint specifically alleges that he was not exempt under the FLSA because his primary duty did not include "outside sales;" but the employment contract states that his "primary duty shall be to personally make sales of Insurance Products and Services on behalf of the Employer." Although plaintiff's claims do not attempt to enforce any specific term of the employment agreement, understanding the nature and scope of his primary job duties under the agreement (and as performed) will be necessary to a determination of his status under the FLSA.

## III. CONCLUSION

For the reasons set forth herein, defendant's motion to dismiss (Doc. No. 9) is granted. This case is dismissed without prejudice.

**IT IS SO ORDERED**.

Dated: September 19, 2017

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**